# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01028 DLB PC<br><br>ORDER CONSTRUING PLAINTIFF'S MOTIONS FOR DE NOVO REVIEW AS MOTIONS FOR RECONSIDERATION<br>[ECF Nos. 23, 25]<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br>[ECF Nos. 23, 25] |

　　　　Plaintiff Rodney Brown ("Plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the magistrate judge on August 11, 2014. Plaintiff filed this action on June 26, 2014. On July 17, 2014, the Court granted Plaintiff's motion to proceed in forma pauperis. On September 19, 2014, Plaintiff filed a motion for a refund of his filing fees. On October 1, 2014, Plaintiff filed a motion for a court order prohibiting the CDCR from deducting monies from his prison trust account. Plaintiff complained that recent deductions by the CDCR violate the Court's orders.

　　　　On October 15, 2014, the Court denied Plaintiff's motion for refund of his filing fee and his motion for an order prohibiting the CDCR from deducting monies from his prison trust account. The Court determined that the deductions were proper.

　　　　On October 24, 2014, and again on November 10, 2014, Plaintiff filed motions for a de novo review of the Court's order. Plaintiff is advised that insofar as he consented to the jurisdiction of the

1

magistrate judge pursuant to 28 U.S.C. § 636(c), this case was assigned to the undersigned "to conduct any or all proceedings" in this matter, including "order[ing] the entry of judgment in the case." 28 U.S.C. § 636(c)(1). De novo review by a district judge is not available. Therefore, the Court will construe Plaintiff's requests for de novo review as motions for reconsideration.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Plaintiff's motion for reconsideration is his disagreement with the Court's decision and the Court's application of the law to his motions. Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds for relief from the order. Westlands Water Dist., 134 F.Supp.2d at 1131.

///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motions for de novo review are CONSTRUED as motions for reconsideration; and

2) Plaintiff's motions for reconsideration are DENIED.

IT IS SO ORDERED.

Dated: **November 13, 2014**         /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE